UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASON M. JONES,<br>Plaintiff,<br>v.<br>CARDINAL HEALTH 414, LLC,<br>Defendant. | Case No. 2:23-cv-2050-JDP<br><br>ORDER |

Plaintiff Mason M. Jones brings this action against defendant Cardinal Health 414, alleging that defendant failed to pay wages and provide meal and rest breaks. Defendant moves for summary judgment as to all claims. Plaintiff has failed to file an opposition or statement of non-opposition in response to defendant's motion. For the reasons stated below, defendant's motion is granted.

## Background[1]

Plaintiff worked as a nuclear pharmacist for defendant from approximately January 2019 through May 2021. ECF No. 42-3 at 8. Plaintiff was paid on an hourly basis and was paid overtime. *Id*. at 8; *see also id*. at 80-116 (plaintiff's earning statements showing hourly and overtime pay). Plaintiff's work schedule generally consisted of a shift from 11:30 p.m. to 8:00 a.m., a shift from 6:30 a.m. to 3:00 p.m., or a shift from approximately 9:30 a.m. to 6:00 p.m. *Id*. at 14-15. Plaintiff's schedule, including whether he was on-call, was typically communicated a month prior to his shift. *Id*. at 16-17. If necessary, plaintiff could request a schedule change or swap an on-call assignment with another pharmacist. *Id*. at 18.

Plaintiff's weekday on-call duty was generally 6:00 p.m. to 11:30 p.m. *Id*. at 30-31. Plaintiff's weekend shift duty consisted of working a regular shift from midnight to noon and then being on-call from noon to midnight. *Id*. at 31. While on-call, plaintiff carried a company cell phone that customers could call when they needed immediate assistance. *Id*. at 24-25. When plaintiff received a customer call while on-call, he would go to the pharmacy, clock in, prepare the dose, package it, provide it to the delivery driver, clock out, and go home. *Id*. at 26-28. Plaintiff approximately spent 18 to 22 minutes at the pharmacy to handle each request. *Id*. at 29. When plaintiff was required to go to the pharmacy while on-call, defendant paid him wages for at least two hours and a separate pager fee for being on-call. *Id*. at 23, 36-37.

While plaintiff states that his managers told him that he was required to arrive at the pharmacy within 30 minutes of receiving a call, there was no written policy with such a requirement. *Id*. at 19. Plaintiff further provides that when he arrived more than 30 minutes after

---

[1] Plaintiff has failed to oppose defendant's motion or respond to defendant's statement of facts. Accordingly, the background facts are taken from defendant's statement of facts, and these facts are deemed undisputed for purposes of the present motion. *See* Fed. R. Civ. P. 56(e)(2); *Marathon Petroleum Co. LP v. Bidwell Folsom Store, Inc.*, No. 2:23-cv-2678-DAD-AC, 2026 WL 124882, at *1 n.1 (E.D. Cal. Jan. 16, 2026) (holding that the facts in a party's statement "are treated as undisputed for purposes of resolution of the pending" summary judgment motion); *G&G Closed Cir. Events, LLC v. Navarro-Gonzalez*, No. 2:21-cv-0355-TLN-CKD, 2025 WL 3154361, at *1 n.1 (E.D. Cal. Nov. 12, 2025) (holding that "because [the defendant] failed to respond to any of [the plaintiff's] facts in its separate statement, the [c]ourt considers these facts to be undisputed").

receiving a call, he was not issued any discipline or warning. *Id*. at 34.

While plaintiff was on-call, he could still engage in various activities, such as reading, watching movies, doing yard work, putting at a golf course, walking, eating meals, sleeping, and spending time with his adult son. *See id*. at 38-42, 76-77. Moreover, while plaintiff stated that he did not run errands or go out to dinner while on-call, he states that nobody specifically instructed him not to. *See id*. at 38-39. Plaintiff estimates that he was not called approximately 60% of the weekdays that he was on-call. *See id*. at 119.

During his employment, plaintiff received and signed defendant's meal and rest break guidelines, which provided that employees were "required to take a minimum 30-minute uninterrupted meal break within the first five hours" of their shift and were "required to take a second 30-minute uninterrupted meal break before the end of" the 10th hour of any shift. *Id*. at 70-71. The guidelines provided that if an employee did not receive such breaks, they were to notify either their supervisor or timekeeper. *Id*.

Plaintiff usually would eat lunch at his desk so he could "work if needed." *Id*. at 55. Nobody told plaintiff that he could not leave the pharmacy during his meal breaks. *Id*. at 54. Moreover, there was no written policy stating that plaintiff had to be ready to answer the phone or work during his meal breaks. *Id*. at 53. Plaintiff did not report to anyone that he believed that he could not take an uninterrupted 30-minute meal break. *Id*. at 49-50. Moreover, plaintiff supplies no documentation indicating that he was not allowed to take a meal break, and nobody instructed him not to take a meal break. *See id*. at 63-64, 73-74.

Defendant's meal and rest break guidelines also provided that plaintiff was entitled to two rest breaks during an 8-hour shift. *Id*. at 57. Plaintiff acknowledges knowing this provision, and he states that nobody told him not to take a rest break. *Id*. at 58, 64. Instead, plaintiff claims that his rest breaks were interrupted for the same reason as his meal breaks: he subjectively believed that he could be called to work at any minute. *See id*. at 64. As with meal breaks, plaintiff did not report to anyone that he believed that he could not take an uninterrupted rest break. *Id*. at 62.

**Procedural History**

Plaintiff initiated this action in February 2023 in Sacramento County Superior Court. *See* ECF No. 1-1 at 4. In September 2023, after being improperly served, defendant removed to this court. ECF No. 1.

On June 24, 2026, defendant filed a motion for summary judgment as to all claims. ECF No. 42. Plaintiff was required to file an opposition or statement of non-opposition within fourteen days of defendant's motion. *See* E.D. Cal. L.R. 230(c). Plaintiff did not comply with that requirement. On July 17, 2026, defendant filed a notice that plaintiff had failed to timely oppose its motion. ECF No. 43. To date, plaintiff has filed neither an opposition nor statement of non-opposition. Accordingly, the court construes this failure as plaintiff's non-opposition to defendant's motion. *See* E.D. Cal. L.R. 230(c).

Moreover, as noted, because plaintiff has failed to respond to any of defendant's facts in its statement, the court considers those facts undisputed. *See supra* Note 1. However, it bears emphasis that "[c]onsidering some facts undisputed does not of itself allow summary judgment." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). Instead, the court must still "determine the legal consequences of these facts and permissible inferences from them." *Id.* (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)).

**Legal Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

Each party's position must be supported by: (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). "[A] district court has no independent duty 'to scour the record in search of a genuine issue of triable fact,' and may 'rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.'" *Simmons*, 609 F.3d at 1017 (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)). Moreover, the non-moving party must "show more than the mere existence of a scintilla of evidence." *In re Oracle*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 252). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Analysis

Plaintiff maintains the following six causes of action based in state law: (1) willful failure to pay wages; (2) failure to pay overtime; (3) failure to pay overtime and provide meal and rest breaks in violation of California Labor Code § 510, *et seq*; (4) failure to pay overtime and provide meal and rest breaks in violation of California Labor Code § 226.7; (5) unfair business practices; and (6) constructive termination. ECF No. 1-1 ¶¶ 12-37. The court addresses each in turn.

### I. Willful Failure to Pay Wages

Defendant moves for summary judgment as to plaintiff's claim for failure to pay wages. ECF No. 42-1 at 11-20. As pled, plaintiff's claim centers on defendant's alleged failure to pay plaintiff overtime wages, which plaintiff alleges derive from his on-call hours. *See* ECF No. 1-1 ¶¶ 10, 15-17.

As defendant notes, "[t]he question of whether on-call time is compensable turns on the extent of the employer's control over the employee during non-work time." *See* ECF No. 42-1 at 12. The California Supreme Court has held that, to determine whether on-call time is compensable, courts should consider the following factors: "(1) whether there was an on-premises living requirement; (2) whether there were excessive geographical restrictions on employee's movements; (3) whether the frequency of calls was unduly restrictive; (4) whether a fixed time limit for response was unduly restrictive; (5) whether the on-call employee could easily trade on-call responsibilities; (6) whether use of a pager could ease restrictions; and (7) whether the

employee had actually engaged in personal activities during call-in time." *Mendiola v. CPS Sec. Sols., Inc.*, 60 Cal. 4th 833, 841 (2015) (internal quotation marks and citations omitted). The court considers each factor in turn.

First, there is no evidence or allegation that plaintiff was required to live on defendant's work premises. This factor weighs in favor of finding on-call time non-compensable.

Second, "[a]s a practical matter, if an employee is not required to remain on the employer's premises, geographical restrictions are imposed according to the required response time for an employee to return to the employer's premises." *Berry v. Cnty. of Sonoma*, 30 F.3d 1174, 1185 (9th Cir. 1994). As explained below, the factor regarding a required response time weighs in favor of finding on-call time non-compensable; consequently, this factor does, too.

Third, the frequency of calls was not unduly restrictive such that plaintiff can succeed on this claim. As noted, plaintiff estimates that he was not called approximately 60% of the workdays that he was on-call. *See* ECF No. 42-3 at 119. In *Berry*, while the Court of Appeals found that employees receiving a call once every 6.45 hours "arguably support[ed] a conclusion that" the employees were engaged to wait, it nonetheless held that the employees can "effectively use on-call time for personal pursuits[,]" and the court found that on-call time was non-compensable because all other factors supported such a finding. *Berry*, 30 F.3d at 1186. Accordingly, even if this factor weighed against finding on-call time non-compensable, it alone is insufficient to warrant finding that plaintiff's on-call time was compensable.

Fourth, there is no evidence that there was a fixed time limit for response. As noted, while plaintiff states that his managers told him that he was required to arrive at the pharmacy within 30 minutes of receiving a call, there was no written policy with such a requirement, and when plaintiff arrived more than 30 minutes after receiving a call, he was not disciplined or issued a warning. *See* ECF No. 42-3 at 19, 34.

Moreover, even if plaintiff were required to respond within 30 minutes of receiving a call, such response time would not, as a matter of law, be unduly restrictive. In *Berry*, the Court of Appeals held that a fifteen-minute response time did not prohibit the employee's personal pursuits. *Berry*, 30 F.3d at 1184. In *Owens*, the Court of Appeals held that a ten-minute response

time was not unduly restrictive, and the court relied on decisions from other Courts of Appeals that found response times of 15 to 20 minutes to be consistent with a finding that employees could pursue personal pursuits while on-call. *Owens v. Loc. No. 169, Ass'n of W. Pulp & Paper Workers*, 971 F.2d 347, 349, 352-54 (9th Cir. 1992), *as amended* (Aug. 18, 1992) (citing *Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 678 (5th Cir. 1991) and *Norton v. Worthen Van Serv., Inc.*, 839 F.2d 653, 654 (10th Cir. 1988)).

In an analogous case, a federal district court considered whether the plaintiffs' "subjectively interpreted" requirement to respond "within ten to twenty minutes of the call" was unduly restrictive. *Henry v. Med-Staff, Inc.*, No. 05-cv-0603-DOC-ANX, 2007 WL 1998653, at *10 (C.D. Cal. July 5, 2007). Relying on *Berry* and *Owens*, the court found that the "subjective time limits imposed by the employees themselves conform with the time limitations accepted by the Ninth Circuit in these on-call cases." *Id*. (citing *Berry*, 30 F.3d at 1184; *Owens*, 971 F.2d at 349). Thus, for all of these reasons, this factor weighs in favor of finding on-call time non-compensable.

Fifth, plaintiff could trade on-call shifts with other pharmacists. ECF No. 42-3 at 18, 68-69. This factor weighs in favor of finding on-call time non-compensable.

Sixth, plaintiff was provided a company cell phone that allowed him freedom of movement. *Id*. at 24-25. This factor weighs in favor of finding on-call time non-compensable.

Lastly, plaintiff actually engaged in personal activities during on-call time. As noted, while on-call, plaintiff would typically read, watch movies, do yard work, putt at a golf course, walk, eat meals, sleep, and spend time with his adult son. *See id*. at 38-42, 76-77. And, while plaintiff stated that he did not run errands or go out to dinner while on-call, nobody specifically instructed him not to. *See id*. at 38-39.

The Court of Appeals has held that this factor's inquiry "is not whether the [employees] are prevented from participating in certain personal activities, but whether they actually engage in personal activities during on-call shifts." *Berry*, 30 F.3d at 1185 (citing *Owens*, 971 F.2d at 351). Indeed, "an employee need not have 'the same flexibility or freedom as he would if not on call' to engage in personal activities in order to conclude that he can use on-call time effectively for his

own purposes." *Id*. (quoting *Owens*, 971 F.3d at 350-51). Thus, the *Berry* court found that while the plaintiffs were "unable to engage in certain pursuits, it is undisputed that while on-call" the employees engaged in certain pursuits, including reading, watching television, gardening, and socializing with family. *Id*.

In an analogous case, a state appellate court held that the plaintiffs' "depositions confirmed they had engaged in some personal activities while on call; [the court does] not believe plaintiffs' unilateral decisions to avoid personal activities while on call changes the fact that they did engage in some activities and could have continued to do so." *Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 524 (2009), *as modified* (Apr. 28, 2009). Thus, for all of these reasons, this factor weighs in favor of finding on-call time non-compensable.

In sum, a consideration of the *Mendiola* factors supports the finding that plaintiff's on-call time was non-compensable. The frequency of calls is the only factor that does not squarely weigh in favor of this finding, and the Court of Appeals has held that this factor alone does not support a finding of compensability. *See Berry*, 30 F.3d at 1186.

Defendant is entitled to judgment as to plaintiff's claim for willful failure to pay wages.[2]

## II. Failure to Pay Overtime

Defendant moves for summary judgment on plaintiff's claim for failure to pay overtime wages. ECF No. 42-1 at 20. As pled, plaintiff's claim appears to focus on overtime wages for on-call shifts. *See* ECF No. 1-1 ¶¶ 19-25. However, as established above, plaintiff's on-call time was non-compensable, and thus any claim for overtime wages for on-call time fails. To the extent that plaintiff seeks other overtime wages in this cause of action, plaintiff has failed to identify any evidence substantiating such a claim.

Accordingly, defendant is entitled to judgment on this claim.

---

[2] To the extent that plaintiff sought to include unpaid wages for meal and rest breaks in this cause of action, such a claim would be denied for the reasons explained below. *See infra* Analysis Part III.

### III. Meal and Rest Breaks

Plaintiff's third claim is for failure to pay overtime and to provide meal and rest breaks in violation of Labor Code § 510, *et seq*. ECF No. 1-1 ¶¶ 26-28. Plaintiff's fourth claim is for the same alleged wrongdoing in violation of Labor Code section 226.7. *Id*. ¶¶ 29-31. Defendant moves for summary judgment as to both of these claims. ECF No. 42-1 at 20-21. As established above, plaintiff has not established that defendant failed to pay him overtime wages. Thus, the court's analysis of these claims focuses on the alleged failure to provide meal and rest breaks. The court first analyzes meal breaks before discussing rest breaks.

First, Labor Code section 512 states that an employer shall not "employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" or "employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ." Cal. Lab. Code. § 512(a). The California Supreme Court has held that "[t]he employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1040 (2012). The court further held that "the employer is not obligated to police meal breaks and ensure no work thereafter is performed. Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations . . . ." *Id*. at 1040-41.

Here, as noted, plaintiff was made aware of defendant's meal break guidelines, which provided that he was "required to take a minimum 30-minute interrupted meal break within the first five hours" of his shift and that he was "required to take a second 30-minute uninterrupted meal break before the end of" the 10th hour of any shift. ECF No. 42-3 at 70-71. The guidelines provided that if plaintiff did not receive either of these meal breaks, he was to notify either his supervisor or timekeeper. *Id*.

Plaintiff states that nobody told him that he could not leave the pharmacy during his meal breaks. *Id*. at 54. There was no written policy stating that plaintiff had to be ready to answer the phone or work during his meal breaks. *Id*. at 53. Contrary to the guidelines' provision, plaintiff did not report to anyone that he believed that he could not take an uninterrupted 30-minute meal break. *Id*. at 49-50. What is more, plaintiff has no documentation that he was not allowed to take a meal break, and nobody instructed him not to take a meal break. *See id*. at 63-64, 73-74.

There is no dispute that defendant satisfied its statutory obligation by providing plaintiff "a reasonable opportunity to take an uninterrupted 30-minute break" for meals. *See Brinker*, 53 Cal. 4th at 1040. This holding is in line with other courts to have addressed this issue. *See Cole v. CRST, Inc.*, No. 08-cv-1570-VAP-SPX, 2017 WL 1234215, at *7 (C.D. Cal. Mar. 30, 2017), *aff'd sub nom.*, *Cole v. CRST Van Expedited, Inc.*, 842 F. App'x 162 (9th Cir. 2021) (holding that "the plaintiff's uncorroborated 'subjective beliefs about [the defendant's] actual policy,' without more, were insufficient to support a claim that [the defendant] had a policy of discouraging meal breaks"); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007) (holding that "the employee must show that he was *forced to forego* his meal breaks as opposed to merely showing that he did not take them regardless of the reason").

Second, Labor Code section 226.7 provides that employers must provide rest breaks as mandated by relevant statute or regulation. Cal. Lab. Code § 226.7(b). "While *Brinker* directly addresses employers' obligations regarding meal breaks, it interprets language in IWC wage orders that apply to meal and rest breaks both. District courts have used this guidance to deny certification of rest period classes." *Cole v. CRST, Inc.*, 317 F.R.D. 141, 144 (C.D. Cal. 2016) (collecting cases).

As with meal breaks, defendant's guidelines also provided that plaintiff was entitled to two rest breaks during an 8-hour shift. ECF No. 42-3 at 57. Plaintiff acknowledges knowing this provision, and he states that nobody told him not to take a rest break. *Id*. at 58, 64. Instead, plaintiff claims that his rest breaks were interrupted for the same reason as his meal breaks: he subjectively believed that he could be called to work at any minute, despite no policy or supervisor stating such an expectation. *See id*. at 64. As with meal breaks, plaintiff did not report

to anyone that he believed that he could not take an uninterrupted rest break. *Id*. at 62.

There is no dispute that defendant satisfied its statutory obligation by providing plaintiff "a reasonable opportunity to take" rest breaks. *See Brinker*, 53 Cal. 4th at 1040; *Cole*, 317 F.R.D. at 144 (applying *Brinker* to rest breaks).

Accordingly, defendant is entitled to judgment as to plaintiff's third and fourth claims.

**IV. Unfair Business Practices**

Defendant moves for summary judgment as to plaintiff's claim for unfair business practices. ECF No. 42-1 at 21. Plaintiff's claim alleges that "[b]ased on the factual allegations" set forth in plaintiff's claims discussed above, defendant failed to compensate him for overtime and failed to provide him meal and rest breaks. ECF No. 1-1 ¶ 33. This derivative claim must fail because plaintiff has not sustained an underlying claim regarding overtime wages or meal and rest breaks. *See Anderson v. Equinox Holdings, Inc.*, 813 F. App'x 308, 310 (9th Cir. 2020) (holding that the plaintiff's "derivative" unfair business practices claim "necessarily fail[ed] along with" the plaintiff's claims for failure to provide meal and rest breaks); *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("A defendant cannot be liable under [Labor Code] § 17200 for committing 'unlawful business practices' without having violated another law.").

Accordingly, defendant is entitled to judgment as to this claim.

**V. Constructive Termination**

Lastly, defendant moves for summary judgment as to plaintiff's claim for constructive termination. ECF No. 42-1 at 22. Plaintiff's claim alleges that his "working conditions were so intolerable" that a reasonable person in his position "would be compelled to resign."[3] ECF No. 1-

[3] At his deposition, plaintiff stated that he was "no longer prosecuting and pursuing a claim for wrongful constructive discharge in this case." ECF No. 42-3 at 10-11. However, because plaintiff has not communicated such intent in a court filing, he has not voluntarily dismissed this claim. *See G.P.P., Inc. v. Guardian Prot. Prods., Inc.*, 126 F.4th 1367, 1382 (9th Cir. 2025) (holding that a plaintiff's intent to dismiss a claim "must be demonstrated to the court by way of a motion to dismiss, stipulation of the parties or some other form of express intent on the record,' including a party's pretrial memorandum of contentions of fact and law, statement of abandonment, or formal request for dismissal").

1 ¶ 37 *Id*. at 10-11.

The California Supreme Court held that:

> In order to establish a constructive discharge, an employee must plead and prove, by the usual preponderance of the evidence standard, that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.

*Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994).

The only factual allegation specifically mentioned in plaintiff's claim is the requirement to be on-call without being paid adequate wages. *See* ECF No. 1-1 ¶ 36. As established, plaintiff's on-call time was non-compensable, and plaintiff has failed to show that defendant violated any law. More to the point, there is no evidence that defendant "either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated . . . that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *See Turner*, 7 Cal. 4th at 1251. As such, this claim must fail.

Accordingly, defendant is entitled to judgment as to plaintiff's constructive termination claim.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Defendant's motion for summary judgment, ECF No. 42, is GRANTED.
2. The Clerk of Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: August 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE